Barbara WILLIAMSON et al., Plaintiffs,

v.

SECRETARY OF the UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT et al., Defendants.

No. 78 C 2136.

United States District Court,
E.D. New York.

Nov. 3, 1982.

Bedford-Stuyvesant Community Legal Services Corp. by Ellen Gesmer, Brooklyn, N.Y., Legal Aid Society, Civ. Div. by James C. Francis IV, New York City, for plaintiffs.

Raymond J. Dearie, U.S. Atty. by Jo Davis, Asst. U.S. Atty., Brooklyn, N.Y., for defendants.

## MEMORANDUM AND ORDER

GEORGE C. PRATT, Circuit Judge.[*]

By memorandum and order dated June 21, 1982, the court dismissed the complaint of the named plaintiffs on the ground that they had failed to prove their individual

[*] Of the United States Court of Appeals, Second Circuit, sitting by designation.

claims at trial and dismissed the complaint of the plaintiff class on the ground of mootness. In addition, the court specifically declined to award attorneys' fees or costs to either party. By motion submitted on July 12, 1982, plaintiffs now request that the court amend the judgment which was entered on June 30, 1982 by striking the provision regarding litigation expenses. This relief would pave the way for plaintiffs to apply for an award of attorneys' fees under the Equal Access to Justice Act (EAJA or the Act), Pub.L. No. 96–481, 94 Stat. 2325, codified at 28 U.S.C. § 2412 (West Supp. 1981). For the reasons set forth below, plaintiffs' request is denied.

This dispute arose out of the mortgage insurance program established by Section 203 of the National Housing Act, as amended, 12 U.S.C. § 1709. Under the program, the Department of Housing and Urban Development (HUD) insures mortgages on one-to-four family properties. When a mortgagor of property covered by the program defaults, the mortgagee is entitled to recover insurance benefits from HUD. As a condition to receiving these payments, however, the mortgagee is first required to complete foreclosure proceedings and convey the property to HUD.

The focus of this dispute, throughout its protracted history, has been on HUD's policies regarding conveyance by mortgagees of property occupied by tenants or former mortgagors at the time of foreclosure. When this litigation was commenced in 1978, these policies, which reflected HUD's preference for vacant delivery of property covered by the program, were formally embodied in a set of regulations codified at 24 CFR 203.381 (1976). However, these regulations were apparently modified by a set of telegraphic instructions sent to all HUD regional offices on September 6, 1977. Taken together, the regulations and telegraphic instructions prescribed criteria for determining when HUD would accept conveyance of occupied properties. They also established procedural guidelines applicable to the transfer of the properties.

In the complaint and the amended complaint, plaintiffs challenged HUD's policies on federal statutory and constitutional grounds, and sought injunctive and declaratory relief to prevent their enforcement. Following a hearing shortly after the complaints were filed, Judge Dooling denied plaintiffs' request for preliminary injunctive relief. A six-week trial was then conducted during the summer of 1979. At the conclusion of the trial, Judge Dooling found that the named plaintiffs had failed to prove their claims, but he reserved decision on issues relating to the plaintiff class. After the parties' post-trial briefs and proposed findings were filed, but before Judge Dooling was able to render his final decision, he passed away and the case was reassigned to the undersigned. Thereafter, the parties stipulated to a decision based on the record produced before Judge Dooling.

In September 1980, however, before any decision had been reached, the regulations which were at the heart of this lawsuit were amended. See 24 CFR 203.670–683 (1980). The court then directed counsel for each side to inform the court of their views regarding the effect of the amended regulations on this action. After reviewing the parties' submissions, the court concluded in its memorandum decision dated June 21, 1982 that the named plaintiffs' complaint should be dismissed on the basis of Judge Dooling's findings, and that the complaint on behalf of the unnamed class members should be dismissed as moot.

## DISCUSSION

 Despite the conclusions reached by the court in its prior decision, plaintiffs nevertheless claim that they are entitled to recover their attorneys' fees and costs under the EAJA. In order to qualify for an award of either costs, under subsection (a)[1]

---

1. 28 U.S.C. § 2412(a) provides:
 except as otherwise specifically provided by statute, a judgment for costs, as enumerated in Section 1920 of this title, but not including

the fees and expenses of attorneys, may be awarded to the prevailing party in any civil action brought by or against the United States or any agency and any official of the

or attorneys' fees, under subsection (d)(1)(A),[2] plaintiffs initially bear the burden of proving that they are properly viewed as "prevailing parties" within the meaning of the Act. It is clear from the legislative history that the prevailing party requirement should be interpreted liberally, consistent with the law that has developed under other federal fee-shifting statutes. H.R.Rep. No. 86–1418, 96th Cong., 2d Sess. 11, *reprinted in* [1980] U.S.Code Cong. and Ad.News 4953, 4984, 4990. *See generally Photo Data, Inc. v. Sawyer,* 533 F.Supp. 348, 351 (D.D.C.1982). Thus, a party need not obtain formal judicial relief following a trial on the merits to recover attorneys' fees under the Act. In many cases, courts have awarded fees upon a showing that the litigation initiated by the plaintiff(s) was a "catalytic factor" which motivated the defendant(s) to provide the primary relief sought in the manner desired. *E.g., Morrison v. Ayoob,* 627 F.2d 669, 671 (3d Cir. 1980), *cert. denied,* 449 U.S. 1102, 101 S.Ct. 898, 66 L.Ed.2d 828 (1981); *Bonnes v. Long,* 599 F.2d 1316, 1319 (4th Cir.1979); *Ross v. Horn,* 598 F.2d 1312, 1321–22 (3d Cir.1979), *cert. denied,* 448 U.S. 906, 100 S.Ct. 3048, 65 L.Ed.2d 1136 (1980). *See also Robinson v. Kimbrough,* 652 F.2d 458, 465 (5th Cir.1981). Indeed, in several cases, courts have awarded attorneys' fees to plaintiffs whose claims were mooted as the result of remedial measures taken by defendants subsequent to the filing of a lawsuit. *E.g., Westfall v. Board of Commissioners,* 477 F.Supp. 862, 868 (N.D.Ga.1979); *Lackey v. Bowling,* 476 F.Supp. 1111, 1113–15 (N.D.Ill.1979); *Armstrong v. Reed,* 462 F.Supp. 496, 499–500 (N.D.Miss.1978); *NAACP v. Bell,* 448 F.Supp. 1164, 1166 (D.D.C.1978).

■ In order to succeed on this "catalyst" theory, it is necessary for plaintiffs to show some "clear, causal relationship between the litigation brought and the practical outcome realized." *American Constitutional Party v. Munro,* 650 F.2d 184, 188 (9th Cir.1981). While plaintiffs are not required to prove that their lawsuit was the sole cause of the desired changes, they must establish that their litigation efforts were a "necessary and important factor" in improving their situation. *Nadeau v. Helgemoe,* 581 F.2d 275, 281 (1st Cir.1978). *See also Morrison v. Ayoob, supra,* 627 F.2d at 671; *Bonnes v. Long, supra,* 599 F.2d at 1319. In this regard, "the chronological sequence of events is an important factor in determining whether or not it can be inferred that the defendants guided their actions in response to the plaintiffs' lawsuit." *United Handicapped Federation v. Andre,* 622 F.2d 342, 347 (8th Cir.1980); *see also Robinson v. Kimbrough, supra,* 652 F.2d at 465

■ In the case at bar, the chronology does not support plaintiffs' contention that they are prevailing parties in this action. When HUD first published its proposed interim rules, *see* 44 Fed.Reg. No. 78 (April 20, 1979), Judge Dooling had already denied plaintiffs' request for preliminary injunctive relief. Similarly, when over one year after trial HUD issued the current interim regulations, *see* 45 Fed.Reg. No. 177 (Sept. 10, 1980), Judge Dooling had already, emphatically rejected the claims of the named plaintiffs. This sequence of events hardly supports an inference that HUD felt compelled to amend the existing regulations as a direct result of this litigation. Rather,

United States acting in his or her official capacity in any court having jurisdiction of such action. A judgment for costs when taxed against the United States shall, in an amount established by statute, court rule, or order, be limited to reimbursing in whole or in part the prevailing party for the costs incurred by such party in the litigation.

**2.** 28 U.S.C. § 2412(d)(1)(A) provides:
except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and

other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort) brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.
Subsection (d)(2)(A) makes clear that "fees and other expenses" includes reasonable attorneys' fees.

the record suggests that HUD's decision to amend the regulations was gratuitous and entirely independent of this lawsuit. *See generally Nadeau v. Helgemoe, supra,* 581 F.2d at 281.

Nor does the content of amended regulations support plaintiffs' position. Plaintiffs argue that the amended regulations "adopt a substantial portion of the changes sought by plaintiffs" in the lawsuit. Affidavit of Attorney Ellen Gesmer at 4. On the other hand, defendants take the position that "a few, but certainly not all or even most of the amendments plaintiffs sought were adopted by HUD." Defendants' Memorandum of Law at 20. After carefully reviewing the old regulations, the complaints filed in this action, and the amended regulations, the court agrees with defendants that whatever impact this litigation had on HUD was far too attenuated for the plaintiffs to qualify as prevailing parties. Cf. *Cicero v. Olgiati,* 473 F.Supp. 653, 655 (S.D. N.Y.1979) (burden of establishing that an individual lawsuit was responsible for sweeping legislative reform in an area of widespread concern considered extremely heavy); *see also American Constitutional Party v. Munro, supra,* 650 F.2d at 188. Moreover, the court notes that to the extent that the plaintiffs accomplished any of the objectives of this lawsuit through the participation of their attorneys in related agency notice, comment and rulemaking procedures, an award of attorneys' fees under the EAJA in this action would be inappropriate. The court therefore concludes that plaintiffs are not properly regarded as prevailing parties within the meaning of the EAJA and are not entitled to recover their litigation expenses. Because the plaintiffs did not prevail, it is unnecessary for the court to reach the question of whether the "position" of the government was "substantially justified" within the meaning of § 2412(d)(1)(A). *See generally Operating Engineers v. Bohn,* 541 F.Supp. 486, 493–96 (D.Utah 1982).

## CONCLUSION

For the foregoing reasons, the plaintiffs' motion to amend the judgment is denied.

SO ORDERED.