**Marie GITTO, Plaintiff,**

v.

**SECRETARY OF the UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, Defendant.**

**No. CV 84–1797.**

United States District Court,
E.D. New York.

June 30, 1986.

Robert & Schneider by Charles Robert, Hempstead, N.Y., for plaintiff.

Reena Raggi, U.S. Atty. by Janice Siegel, Asst. U.S. Atty., Brooklyn, N.Y., for defendant.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

On April 9, 1986 this Court granted plaintiff Marie Gitto's motion for judgment on the pleadings, reversing the decision of the Secretary of Health and Human Services (the Secretary) that plaintiff was not entitled to payments under the Hospital Insurance portion of the program of health insurance for the aged and disabled (Medicare). Plaintiff now moves for an award of attorney's fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (EAJA).

### I.

■ The EAJA provides for an award of reasonable attorney's fees to a prevailing party in litigation against an agency of the United States, unless the Court determines that the position of the agency was substantially justified or that special circumstances would make an award unjust. 28 U.S.C. § 2412(d)(1)(A). The agency bears the burden of showing that the position in litigation before this Court was substantially justified and a strong showing must be made to meet that burden. *Environmental Defense Fund v. Watt*, 722 F.2d 1081, 1085 (2d Cir.1983); *Correa v. Heckler*, 587 F.Supp. 1216, 1221–22 (S.D.N.Y.1984). The agency's position does not lack substantial justification merely because plaintiff prevails. Rather, in this Circuit, the test is whether the agency's position was "reasonable." *Boudin v. Thomas*, 732 F.2d 1107, 1116 (2d Cir.1984) (citing *Environmental Defense Fund v. Watt*).

### II.

■ The Secretary argues that its position in the district court was substantially justified because the evidence did not indicate that plaintiff received daily therapy, as required by the Social Security Act. The Court concludes, however, that the Secretary's position in litigating this case was unreasonable because the Secretary ignored both the uncontradicted medical opinions of Dr. Proferes, the treating physician, and the separate evaluations of the Utilization Review Committee (URC). On three separate occasions, the URC determined that plaintiff required and was receiving skilled nursing care. Because of the deference Congress chose to accord to the medical opinions of the treating physician and the URC in the context of post-hospitalization reimbursement decisions, *Hultzman v. Weinberger*, 495 F.2d 1276, 1280 (3d Cir. 1974), *Gartmann v. Secretary*, 633 F.Supp. 671 (E.D.N.Y.1986), the Court finds it difficult to understand how the Secretary can now contend that his position is reasonable when both the treating physician and the URC concurred in the need for skilled nursing care. As this Court recently observed in *Gartmann*, Congress intended that the decisions of the physician and the URC would be virtually unassailable.

*Gartmann,* 633 F.Supp. at 680–81; *see also Kuebler v. Secretary,* 579 F.Supp. 1436, 1440 (E.D.N.Y.1984). To the extent that the unanimous certifications of the attending physician and the URC on the need for expert nursing care are binding on the Secretary, see *Gartmann,* then this Court concludes that the Secretary's decision to oppose the district court appeal of a wrongfully denied claimant is not substantially justified.

■ Therefore, the Court holds that the Secretary's position at litigation is not substantially justified for the purposes of the EAJA when both the attending physician and the URC have certified that an individual required post-hospital extended care services. This presumption will be overcome only if the Secretary had attempted to show that the statutory system requiring dual certification by an attending physician and a URC had broken down.

### III.

Having decided that the Secretary's position in this litigation was not substantially justified, and that plaintiff is therefore entitled to an award under EAJA, the Court now turns to the size of the award. Plaintiff's counsel has submitted contemporaneous time records for 29½ hours of work in this case, including time spent preparing the instant motion. *New York State Association for Retarded Children v. Carey,* 711 F.2d 1136, 1147–48 (2d Cir.1983).

■ The Secretary contends that plaintiff should not be allowed to collect fees for one hour spent filing the summons and complaint in the Court, because the EAJA does not permit the reimbursement of clerical time. This contention is not supported by the plain wording of the statute, which states, in pertinent part, that "a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by a party in any civil action...." 28 U.S.C. § 2412(d)(1)(A). Therefore, the EAJA allows the award of "fees and other expenses ... incurred by a party," which, of necessity, would include the time and expense of commencing the lawsuit. The filing fee is already taxable as costs. 28 U.S.C. § 2412(a).

■ After an examination of the records supplied by plaintiff's counsel, the Court finds that 29.5 hours represents an excessive amount of time. The Court will grant plaintiff's request for only 25 hours.

### IV.

Accordingly, plaintiff's motion for an award of fees, costs, and other expenses under the EAJA, 28 U.S.C. § 2412(a)(d), is granted. The Clerk of the Court is hereby directed to enter a total award of $1,935.00, which represents 25 hours at $75.00 per hour and $60.00 in costs.

SO ORDERED.