Frederick HILLS, Plaintiff,

v.

SECRETARY OF the UNITED STATES
DEPARTMENT OF HEALTH AND
HUMAN SERVICES, Defendant.

No. CV 88–0520.

United States District Court,
E.D. New York.

Dec. 8, 1989.

Binder & Binder by Charles E. Binder, Hauppauge, N.Y., for plaintiff.

Andrew J. Maloney, U.S. Atty. by Suzanne M. Skinner, Asst. U.S. Atty., Brooklyn, N.Y., for defendant.

### ORDER

WEXLER, District Judge.

Plaintiff Frederick Hills appealed to this Court from a final determination of the Secretary of Health and Human Services ("Secretary") denying plaintiff disability benefits. This Court reversed that determination, denied the Secretary's motion to remand the case for further administrative procedures, and awarded disability benefits. *See Hills v. Secretary of Health & Human Servs.*, No. 88–0520 (E.D.N.Y. Apr. 21, 1989). The reader is referred to this Court's April 21, 1989 Memorandum and Order for background.

Plaintiff now moves for attorney's fees under 42 U.S.C. § 406(b)(1) and the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(b) and § 2412(d). For the reasons

stated below, attorney's fees are awarded under § 406(b)(1) and § 2412(d)(1)(A) in the amounts of $3,906.25 and $2,619.00, respectively, but are denied under § 2412(b).

## I. Section 406(b)(1) Fees

Under § 406(b)(1), this Court may award counsel for a successful plaintiff a "reasonable" fee not exceeding twenty-five percent of the total past-due benefits to which the plaintiff is entitled. In this respect, plaintiff indicates in his moving papers that twenty-five percent of the total past-due benefits equals $8,131.00. Plaintiff's Reply Memorandum in Support of Plaintiff's Motion for Attorney's Fees at 6. Plaintiff submits a schedule indicating counsel worked thirty hours and forty-five minutes before this Court, and requests a fee calculated on the basis of $175 per hour, plus an enhancement of twenty-five percent. The enhancement is sought to account for the risks associated with the contingent-fee agreement entered into between plaintiff and his counsel.

The Secretary partially opposes the application for § 406(b)(1) fees. While the Secretary agrees that a twenty-five percent enhancement is appropriate, he argues that $120 per hour is a reasonable hourly rate.

■ This Court finds that the number of hours worked and the requested rate of $175 per hour are excessive. Further, this Court finds that $125 is a reasonable hourly rate for attorney's handling social security disability cases in the Eastern District of New York, and that, based on counsel's expertise in this area and the circumstances of this case, twenty-five hours is a reasonable number of hours. Additionally, because this Court recognizes that enhancement is permissible under § 406(b)(1) to reflect the risks in a contingent-fee agreement, *Wells v. Bowen,* 855 F.2d 37, 43–46 (2d Cir.1988), this Court will enhance the fee by twenty-five percent as requested by plaintiff and suggested by the Secretary. Accordingly, attorney's fees are awarded under § 406(b)(1) for twenty-five hours of work at a rate of $125 per hour, plus an enhancement of twenty-five percent, for a total award of $3,906.25.

## II. Section 2412(d) Fees

Section 2412(d)(1)(A) of the EAJA provides for an award of attorney's fees to a prevailing party in certain civil actions against the United States "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). Although undefined in the 1980 enactment of the EAJA, in 1985, Congress defined "position of the United States" to mean "the position taken by the United States in the civil action," as well as "the action or failure to act by the agency upon which the civil action is based." *Id.* § 2412(d)(2)(D). In so doing, "Congress made clear that for EAJA purposes, a court should inquire into both the underlying agency determination affecting the party, as well as the Government's litigation strategy in defense of that determination." *Smith v. Bowen,* 867 F.2d 731, 734 (2d Cir.1989) (citing H.R.Rep. No. 120, 99th Cong., 1st Sess. 12, *reprinted in* 1985 U.S.Code Cong. & Admin. News 132, 141).

The government bears the burden of showing that its position at the agency level and in litigation before the Court was substantially justified, and a strong showing must be made to meet this burden. *See Environmental Defense Fund, Inc. v. Watt,* 722 F.2d 1081, 1085 (2d Cir.1983); *Correa v. Heckler,* 587 F.Supp. 1216, 1221–22 (S.D.N.Y.1984). As the Supreme Court has held, substantially justified means "justified to a degree that could satisfy a reasonable person," or in other words, having a "reasonable basis in law and fact." *Pierce v. Underwood,* 487 U.S. 552, 108 S.Ct. 2541, 2550 & n. 2, 101 L.Ed.2d 490 (1988); *see Environmental Defense Fund,* 722 F.2d at 1085. Clearly, the government's position does not lack substantial justification simply because the plaintiff prevailed. *Correa,* 587 F.Supp. at 1222 (quoting H.R.Rep. No. 1418, 96th Cong., 2d Sess. 11, *reprinted in* 1980 U.S.Code Cong. & Admin. News 4990). Moreover, a position can be substantially justified even though it is not correct "if a reasonable person could think it correct, that is, if it has a reasonable

basis in law and fact." *Underwood,* 108 S.Ct at 2550 n. 2.

In opposing the application, the Secretary does not contend that the government's position was substantially justified. Instead, the Secretary implicitly concedes it was not, and argues that "any award made under 28 U.S.C. § 2412(d) should not exceed $104.76 per hour ($75 plus cost of living adjustment)." Defendant's Memorandum of Law in Partial Opposition to Plaintiff's Motion for Attorney's Fees Under the EAJA at 2. As discussed below, based on the record and this Court's earlier decision, this Court finds that the government's position was not substantially justified.

█ As this Court explained in its earlier decision, the Administrative Law Judge ("ALJ"), whose decision became the final decision of the Secretary on January 20, 1988, erroneously applied the treating physician rule, improperly relied on his subjective observations of plaintiff's condition, unwarrantedly rejected plaintiff's testimony, and failed to properly consider the plaintiff's visual impairment. *Hills,* No. 88–0520, slip op. at 11. These findings, which supported this Court's conclusion that the Secretary's determination was not supported by substantial evidence, also support this Court's conclusion that the government's position was not substantially justified. The Court notes, however, that the latter conclusion does not automatically follow from the former; each depends on an independent analysis under the appropriate standard. *See Brown v. Sullivan,* 724 F.Supp. 76, 77 n. 4 (W.D.N.Y.1989); *Correa,* 587 F.Supp. at 1223.

The Secretary's position that plaintiff could perform a wide range of light work was unreasonable. There was no medical evidence in the record to support that determination. The Secretary improperly rejected the opinion of plaintiff's treating physicians, clearly contrary to prevailing precedent, i.e., this Circuit's treating physician rule. *See, e.g., Arzuaga v. Bowen,* 833 F.2d 424, 426 (2d Cir.1987); *Hidalgo v. Bowen,* 822 F.2d 294, 296–97 (2d Cir.1987); *Schisler v. Heckler,* 787 F.2d 76, 81 (2d Cir.1986); *Bluvband v. Heckler,* 730 F.2d 886, 893 (2d Cir.1984); *Echevarria v. Secretary of Health & Human Servs.,* 685 F.2d 751, 756 (2d Cir.1982). Based on the foregoing, this Court concludes that the government's position did not have a reasonable basis in law and fact, and, accordingly, attorney's fees will be awarded under § 2412(d)(1)(A). *See, e.g., Mara v. Sullivan,* 721 F.Supp. 520, 525–27 (S.D.N.Y. 1989) (Secretary's denial of benefits not reasonable where ALJ "paid lip service" to treating physician rule by improperly attempting to discredit treating physicians' opinions, and by citing insubstantial evidence to contradict those opinions); *O'Grady v. Heckler,* 629 F.Supp. 1186, 1187 (E.D.N.Y. 1986) (Secretary's position not reasonable in fact where Secretary had "egregiously miscast" opinions of doctor and vocational expert in effort to construct support for terminating benefits).

█ The Court now turns to the proper size of the award. Section 2412(d)(2)(A) provides that "attorney fees shall not be awarded in excess of $75 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). As noted above, although the Secretary does not argue that the government's position was substantially justified, he does argue that any award under § 2412(d) should not exceed $104.76 per hour (statutory $75 per hour limit plus cost-of-living adjustment).[1] The plaintiff, on the other hand, requests that the rate be fixed either

---

[1] Plaintiff's counsel represents that the Consumer Price Index for the New York metropolitan area increased 39.7% between October 1981, the effective date of the EAJA, and April 21, 1989, the date this Court reversed the Secretary's determination and awarded plaintiff disability benefits. Affirmation of Charles E. Binder in Support of Plaintiff's Motion for Attorney's Fees at 4. *See Parks v. Bowen,* 839 F.2d 44, 46 (2d Cir.1988) (calculation of cost-of-living adjustment should use as the base date October 1, 1981, the effective date of the EAJA). The Secretary does not question this percentage.

at the cost-of-living adjusted amount of $104.76 per hour or at a significantly higher hourly rate to reflect counsel's distinguished background in this field. This Court finds that $104.76 is an appropriate rate, based on the increase in the cost of living between October 1981 and April 1989. As for the number of hours, this Court has found, as noted above, that twenty-five is reasonable in this instance. Accordingly, attorney's fees are awarded under § 2412(d)(1)(A) for twenty-five hours of work at a rate of $104.76 per hour, for a total award of $2,619.00.

### III. *Section 2412(b) Fees*

Section 2412(b) of the EAJA provides that:

> Unless expressly prohibited by statute, a court may award reasonable fees and expenses of attorneys ... to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity in any court having jurisdiction of such action. The United States shall be liable for such fees and expenses to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award.

28 U.S.C. § 2412(b). Under American common law, the prevailing rule is that litigants must bear their own attorney's fees regardless of the litigation's outcome. *See Alyeska Pipeline Serv. Co. v. Wilderness Society,* 421 U.S. 240, 247, 95 S.Ct. 1612, 1616–17, 44 L.Ed.2d 141 (1975).

One recognized exception to this so-called "American Rule" is when the "losing party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Id.* at 258–59, 95 S.Ct. at 1622 (quoting *F.D. Rich Co. v. United States ex rel Industrial Lumber Co.,* 417 U.S. 116, 129, 94 S.Ct. 2157, 2165, 40 L.Ed.2d 703 (1974)). Section 2412(b) codifies the "bad faith" exception to the general rule, and is a distinct statutory fee provision from § 2412(d). *See Wells,* 855 F.2d at 46. Whereas fees may be awarded under § 2412(d) unless the government's position is substantially justified, § 2412(b) "requires far more egregious conduct." *Id.* The Court of Appeals for the Second Circuit, in defining bad faith, has stated: "An action is brought in bad faith when the claim is entirely without color and has been asserted wantonly, for purposes of harassment or delay, or for other improper purposes." *Browning Debenture Holders' Comm. v. DASA Corp.,* 560 F.2d 1078, 1088 (2d Cir.1977). The Second Circuit has also stated that "the test is conjunctive and neither meritlessness alone nor improper purpose alone will suffice." *Sierra Club v. United States Army Corps of Eng'rs,* 776 F.2d 383, 390 (2d Cir.1985), *cert. denied,* 475 U.S. 1084, 106 S.Ct. 1464, 89 L.Ed.2d 720 (1986). Further, while § 2412(d) sets a limit on the fee at $75 per hour unless the court determines a higher fee is justified, the limit on fees under § 2412(b) is reasonableness.

■ This Court rejects plaintiff's contention that the Secretary acted in bad faith, and, accordingly, refuses to award fees under § 2412(b). *See, e.g., Mara,* 721 F.Supp. at 527 (ALJ's opinion insufficient to overcome presumption raised by treating physician rule, though not entirely without color, and no evidence Secretary acted for harassment, delay or other improper purpose).

### CONCLUSION

For the reasons set forth above, plaintiff's motion for attorney's fees is granted in part and denied in part. Attorney's fees are awarded under 42 U.S.C. § 406(b)(1) and 28 U.S.C. § 2412(d)(1)(A) in the amounts of $3,906.25 and $2,619.00, respectively, but are denied under 28 U.S.C. § 2412(b). Further, this Court directs that the lesser of the two amounts awarded, that is, the EAJA award of $2,619.00, shall be turned over to the plaintiff by plaintiff's counsel. *See Wells,* 855 F.2d at 42 ("[D]ual fee applications are not improper as long as the lesser of any two amounts awarded goes to the attorney's client."). The Clerk of the Court is directed to enter an award for $3,906.25 under 42 U.S.C. § 406(b)(1)

and an award for $2,619.00 under 28 U.S.C. § 2412(d)(1)(A).

SO ORDERED.