**Frank PRIBEK, Plaintiff,**

v.

**SECRETARY, DEPARTMENT OF HEALTH AND HUMAN SERVICES, Defendant.**

**No. CIV–87–1035E.**

United States District Court, W.D. New York.

Aug. 7, 1989.

---

John Doe, for plaintiff.

Kathleen Mehltretter, Asst. U.S. Atty., Buffalo, N.Y., for defendant.

## MEMORANDUM and ORDER

ELFVIN, District Judge.

The abovenamed plaintiff prevailed in this action for Social Security benefits when this Court entered judgment in his favor May 18, 1989, remanding the matter to the defendant Secretary of Health and Human Services ("the Secretary") solely for the calculation and payment of benefits. *See McGill v. Secretary of Health and Human Services*, 712 F.2d 28, 31–32 (2d Cir.1983), *cert. denied*, 465 U.S. 1068, 104 S.Ct. 1420, 79 L.Ed.2d 745 (1984) (an appli-

cant for disability benefits "prevails" when he is determined to be entitled to such). Presently, the plaintiff has moved, by his counsel, for attorney's fees in the amount of $8,114.25 to be paid by the government pursuant to the Equal Access to Justice Act ("the EAJA"), 28 U.S.C. § 2412, or, alternatively, in the amount of $7,852.50 to be paid from his past due withheld benefits pursuant to the Social Security Act ("the SSA"), 42 U.S.C. § 406(b).[1]

The government has informed this Court that it believes the plaintiff's counsel should receive $3,500 as a reasonable fee under the EAJA and that (following discussions) it finds him to be agreeable to receiving such amount, even though such represents less than half of what had been requested under the EAJA. *See* Letter from Assistant United States Attorney Kathleen M. Mehltretter to this Court (June 16, 1989). A then-associate of plaintiff's counsel appeared before this Court June 26th and confirmed that said counsel was willing to accept $3,500 from the government under the EAJA in disposition of the fee petition.

This Court has previously indicated that the determination of a reasonable fee under the EAJA "is for the court rather than the parties by way of stipulation." *McNeill v. Secretary of Health and Human Services* ("*McNeill I*"), unpublished opinion, CIV–87–1498E, 1989 WL 39449 (W.D.N.Y. April 20, 1989), at pp. 3–4. A court may reduce or deny altogether a fee request where it appears that the prevailing party has "unduly and unreasonably protracted" the litigation, and a court must not grant an award in excess of $75 per hour without determining that an increase in the cost of living since the enactment of the EAJA, or a "special factor," merits an augmented rate. 28 U.S.C. §§ 2412(d)(1)(C) and 2412(d)(2)(B).

Here, the attorney attests to having worked 87.25 hours on the substance of this action and has supplied this Court with an itemized time log describing his services. *See* Plaintiff's Counsel's Affidavit (sworn to May 26, 1989), ¶¶ 11, 16(c) and exhibit thereto. He had sought $93 per hour in his motion papers, citing to the decision in *Parks v. Bowen*, 839 F.2d 44 (2d Cir.1988), in which an attorney in a case before the United States District Court for the Northern District of New York was awarded fees at such rate under the EAJA. Conversely, under the stipulated request for $3,500 in fees, his rate of compensation would be approximately $40 per hour.[2]

This Court is of the view that a stipulated award of $3,500 under the EAJA would be improper in this case. Inferences which might be derived from a perfunctory award of such amount are (1) that the entire 87.25 hours said to have been worked were reasonably necessary and (2) that $40 per hour is a reasonable fee for such work. Neither inference has objective validity, and this Court will therefore exercise its discretion to make an independent determination regarding what constitutes a reasonable EAJA fee herein. Forty hours more adequately reflects, in this Court's experience, a reasonable expenditure of time on a case of this sort, which is unextraordinary in all respects.[3] *Compare McNeill I, supra* (23.2 hours, including one hour seeking fees); *Cavanaugh v. Sullivan*, CIV–83–1095E, 1989 WL 41732 (W.D.

1. The sum of $47.30 for disbursements is also requested.

2. The attorney has neither sought fees for his time expended in seeking fees before this Court nor indicated the number of hours expended. Therefore, although he normally would be entitled to so-called "fees for fees"—*see Trichilo v. Secretary of Health and Human Services*, 823 F.2d 702 (2d Cir.1987)—these are no part of the calculations here and are deemed to have been waived.

3. The plaintiff's attorney's attestation that nearly ninety hours, non-inclusive of time spent seeking fees, was a reasonable expenditure of time herein cannot be taken seriously. The number of hours cited, and consequently the amount of the award requested, is entirely beyond the ordinary range. The attorney's agreeableness to the government's proposed halving of the fee request is indicative that the initial request was starkly unreasonable. The plaintiff's attorney is certainly deserving of being taken to task, and he will be sanctioned appropriately pursuant to Fed.R.Civ.P. rule 11. *See* fn. 7 hereinbelow, and accompanying text.

N.Y. April 25, 1989) (35.75 hours); *Kurowski v. Bowen*, CIV–84–1031E, 1988 WL 125191 (W.D.N.Y. November 21, 1988) (32.8 hours); *Monaco v. Secretary of Health and Human Services*, CIV–83–1397E, 1987 WL 13512 (W.D.N.Y. July 3, 1987) (58.25 hours); *Elliott v. Bowen*, CIV–83–271E, 1987 WL 8817 (W.D.N.Y. April 2, 1987) (60 compensable hours requested; 48.7 hours deemed reasonable); *Breneman v. Bowen*, CIV–84–479E, 1987 WL 6776 (W.D.N.Y. January 29, 1987) (52.3 hours claimed; 40 hours deemed reasonable). Additionally, the maximum statutory rate of $75 per hour better reflects the reasonable value of an attorney's services in this District. *See* Bar Association of Erie County (N.Y.), *Results: Fall 1985 Membership Survey*, at p. 8.[4] Hence, attorney's fees will be awarded to the plaintiff's counsel in the amount of $3,000 (plus disbursements in the amount of $47.50) under the EAJA.

■ Such finding, however, cannot finish the consideration of the instant motion for attorney's fees. In *Wells v. Bowen*, 855 F.2d 37 (2d Cir.1988), it was held that an attorney working under a contingent fee arrangement in an action for disability benefits best represents his client by moving for fees under *both* the EAJA *and the SSA. Id.*, at 42.[5] The lesser of any two amounts so awarded goes to the attorney's client. *Ibid.* Accordingly, this Court has construed applications like the instant one,

which are nominally presented in the alternative, as actually being dual fee petitions. *McNeill I, supra,* at p. 1 fn. 1; *see also Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir.1986).

The plaintiff's attorney has not purported to waive his secondary request for fees to be paid from the plaintiff's withheld past due benefits under section 406(b) of the SSA, and this Court would be disinclined to grant such a waiver request if made. Because the lesser of any two fee awards belongs to the disabled client and not to his attorney, permitting a waiver of an award under the SSA in this case might work an injustice to the plaintiff by depriving him of his recovery of a portion of his withheld benefits equalling the lesser of dual fee awards.[6]

■ Therefore, this Court will render an award of attorney's fees under section 406(b) of the SSA in tandem with the EAJA award. The SSA award, of course, must be independently calculated according to the "prevailing market rates" in the community. *Wells v. Bowen, supra,* at 43. Here, the attorney seeks $90 per hour—*see* affidavit, *supra,* ¶ 14—, which, although greater than the statutory ceiling imposed under the EAJA, reflects an appropriate rate under the separate standards of the SSA. *See McNeill v. Secretary of Health and Human Services ("McNeill II"),* 713

---

**4.** According to the *Survey,* in 1985 only 2.5 percent of all attorneys in Erie County charged clients less than $50 per hour. By contrast, 58 percent of attorneys charged between $50 and $100 per hour.

**5.** While the existence *vel non* of a contingent fee arrangement is clearly referred to in such decision as a predicate element for imposition of an ethical obligation to move for fees under both statutes, it has been a rule that there cannot without repugnancy be a fee agreement which is not, as a matter of fact if not customary form, contingent. In order for a fee to be paid under either the EAJA or the SSA success must have been obtained in the litigation. Hence, the dual application rule seems pertinent in all cases.

**6.** There is a danger of unwarranted largesse on the part of the Secretary if and when the attorney who represented the client at the administrative level applies for a fee to be taken from the withheld benefits. Administrative generosity may at times even smack of retaliation

against one who has been successful in persuading a court to reverse the Secretary. The protection, of course, follows from the depletion of the withheld fund by the SSA award for services rendered in the district court.

Here the plaintiff was represented by different counsel below. Where the client was unrepresented below and benefits would not be withheld for purposes of administrative representation but only for representation before the district court, an attorney's waiver of fees in the latter forum may be accepted. Similarly, if the client was represented below by the same counsel appearing in district court and such counsel were to voluntarily waive all fees under the SSA both before the Court and before the Secretary, the waiver could be accepted. In each case, the Secretary has no legal basis for continuing to withhold benefits under 42 U.S.C. §§ 406(a) and 406(b), and an order compelling their relinquishment to the client would be appropriate.

F.Supp. 59, 61 (W.D.N.Y.1989), ("$90 per hour is not greater than the prevailing market rate * * * "). Such rate will be granted for 40 hours of work, thereby deriving an SSA award of $3,600. Because the SSA award is greater than the EAJA award, it belongs to the attorney, while the lesser EAJA award will be given to the plaintiff.

██ Accordingly, it is hereby ORDERED that the plaintiff's counsel is sanctioned pursuant to Fed.R.Civ.P. rule 11 in the amount of $750 to be paid to the Secretary—*see* fn. 3, hereinabove—, that the Secretary shall pay to the plaintiff's counsel out of the plaintiff's past-due benefits $3,600 pursuant to the SSA, that the Secretary shall separately pay to the plaintiff's counsel the sums of $3,000 as a fee and $47.50 as costs pursuant to the EAJA, and that the plaintiff's counsel shall endorse the Secretary's check for $3,000 to the order of the plaintiff and send or deliver it to him.[7]

---

**7.** This Court is of the view that the imposition of a sanction which effectively renders the attorney's recovery less than that of his client does not abrogate the rule of *Wells v. Bowen, supra,* inasmuch as the sanction is formally a separate matter from the amount of the fee award.