**Claire MARA, Plaintiff,**

v.

**Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Defendant.**

**No. 88 Civ. 5008 (RWS).**

United States District Court, S.D. New York.

April 10, 1990.

## MEMORANDUM OPINION

SWEET, District Judge.

Movant, Stanley F. Meltzer ("Meltzer") has moved pursuant to 42 U.S.C. § 406(b) for attorney's fees for representation of plaintiff, Claire Mara ("Mara") against the Secretary of Health and Human Services, Louis W. Sullivan (the "Secretary"). For the reasons set forth below, movant is awarded an hourly fee of $200.00 totalling $5,300 in fees due.

*Prior Proceedings*

Mara prevailed in her action for disability benefits when this court, on consent by the Secretary, remanded the case to the Secretary for calculation of benefits, on April 21, 1989. Subsequently, Mara filed a motion for attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), and the court awarded fees and costs under EAJA in the amount of $2,876.00 on September 29, 1989. At the same time, the court denied Meltzer's request for fees pursuant to 42 U.S.C.

§ 406(b) as premature because the amount of past due benefits and the amount withheld for possible attorney's fees had not yet been calculated by the Social Security Administration. *Mara v. Sullivan,* 721 F.Supp. 520, 524 (S.D.N.Y.1989). Meltzer has now resubmitted his request for fees pursuant to 42 U.S.C. § 406(b) and has asked the court to award him the maximum twenty-five percent of past due benefits amounting to $6,183.25.

*Reasonable Fees*

■ 42 U.S.C. § 406(b) states that upon issuance of a favorable judgment, a court may award a reasonable fee not to exceed twenty-five percent of the past due benefits. 42 U.S.C. § 406(b). As such, the statute is a *parens patriae* limit on the "attorney client contractual relationship, which would otherwise be determined by the marketplace for legal services." *Wells v. Bowen,* 855 F.2d 37, 42 (2d Cir.1988) (citation omitted). Although the circuits differ in the approach to be adopted when calculating a reasonable fee, *see Cotter v. Bowen,* 879 F.2d 359, 363 (1989), the Second Circuit has retained the "lodestar" approach to determining fees under the Social Security Act. *See Wells,* 855 F.2d at 43–46. Under this approach, a district court is required to multiply the number of hours reasonably spent on a case by a reasonable hourly rate. The resultant "lodestar" may be enhanced to arrive at a "reasonable fee." *Id.* Moreover, when calculating the fee, the court must articulate the weight assigned to the risk of contingency. *Id.* at 45. The rate should reflect "the prevailing rates in the district in which the court sits." *Polk v. New York State Dep't of Correctional Serv.,* 722 F.2d 23, 25 (2d Cir.1983).

Few reported cases discuss the calculation of attorney's fees under § 406(b). Those in the Western District of New York have reported of counsel who sought $90.00 and were awarded that or similar amounts. *See, e.g., McNeill v. Secretary,* 713 F.Supp. 59 (W.D.N.Y.1989) (court awarded $95.00 to expert counsel but had misgivings about how to calculate rate); *Pribek v. Secretary of Health and Human Serv.,* 717 F.Supp. 73 (W.D.N.Y.1989) (at-

torney asked for and received $90.00 an hour).

■ Here, the Secretary suggests an hourly fee of $150.00 would be appropriate and thus entitle Meltzer to $4,000.00. Meltzer has requested a fee of $6,183.25, the full amount of benefits withheld for possible payment of attorney's fees. Meltzer has stated that he expended 26.5 hours and thus the requested fee would compensate him at a rate of $233.33 per hour. The fee agreement between Meltzer and Mara provides for this full twenty-five percent figure. Although the Secretary notes that a court should not treat the contingency percentage in the attorney-client contract as presumptively reasonable, *see Wells,* 855 F.2d at 45, the Secretary's role in objecting to fee petitions under 42 U.S.C. § 406(b) is limited to explaining what would be the "appropriate fee" as measured by the standards the agency would "apply for work before it." *Id.* at 47 (quoting *Coup v. Heckler,* 834 F.2d 313, 325 (3d Cir.1987)).

In *Mara,* 721 F.Supp. at 524, this court discussed at length Meltzer's background and role in this case. In sum, he has thirty-one years of experience and is a leader of the Social Security Bar. His "extensive experience and expertise in the field enabled him to accomplish much in a relatively short period of time." *Id.* at 523. Practitioners in the private bar with such experience can command routinely over $200.00 for fees.

In addition to counsel's expertise, we note the contingent nature of the retainer, *see Wells,* 855 F.2d at 45 n. 1, the client Mara's consent to the retainer, the positive result achieved, the efficiency with which counsel handled the matter, the obtaining of EAJA for Mara, the high cost of practicing law in New York City—including taxes, rents, salaries—and the comparable salaries of the private bar and conclude that Meltzer is entitled to a $200.00 hourly rate. *See also County of Suffolk v. Long Island Lighting Co.,* 710 F.Supp. 1477, 1479–81 (E.D.N.Y.1989) (considering similar factors). Section 406(b)'s twenty-five percent limit is designed to protect the claimant from excessive legal fees, but as the

**644**

Second Circuit noted, the provision was also enacted to "encourage legal representation of Social Security claimants." *Pappas v. Bowen*, 863 F.2d 227, 231 (2d Cir. 1988) (citations omitted).

Accordingly, Meltzer is awarded $5,300.00.

It is so ordered.