**Manuel REYES, Plaintiff,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.**

**No. 76 Civ. 3725 (CBM).**

United States District Court, S.D. New York.

March 30, 1992.

Scheine, Fusco, Brandenstein & Rada, P.C., Victor Fusco, Hempstead, NY, for plaintiff.

Otto G. Obermaier, U.S. Atty., S.D.N.Y., Lorraine Novinski, Sp. Asst. U.S. Atty., New York City, for defendant.

## OPINION ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES

MOTLEY, District Judge.

Plaintiff has moved to reopen this case under Rule 60(b)(6) of the Federal Rules of Civil Procedure for the purpose of awarding counsel fees pursuant to the Social Security Act (SSA), 42 U.S.C. 406(b), and the Equal Access to Justice Act (EAJA), 28 U.S.C. 2412(d). The Government does not oppose the award of fees under the SSA, or the reopening of the case, but does oppose the EAJA award on the grounds that the Government's position was substantially justified. Alternatively, the Government argues that the amount requested under the EAJA is excessive and should be reduced.

## I. BACKGROUND

Plaintiff was born in Puerto Rico and attended elementary school there. Plaintiff moved to the United States in 1968 at the age of 34. Plaintiff has a sixth grade education and is functionally illiterate. Plaintiff's ability to speak English is limited. On December 18, 1974, while employed as a spot welder of metal doorframes, Plaintiff suffered a severe injury to his lower back while lifting a very heavy metal door. Plaintiff has not been employed since the injury. Prior to his job as a spot welder, Plaintiff had worked as a guard, a messenger, and a materials handler.

On June 18, 1975, Plaintiff applied for Supplemental Security Income benefits under 42 U.S.C. § 1382(c) and Social Security disability insurance benefits under 42 U.S.C. § 423. The Social Security Administration denied Plaintiff's applications by letter dated July 14, 1975. Upon reconsideration, the Administration again denied Plaintiff SSI and disability benefits by letters dated November 24, 1975 and November 7, 1975, respectively. On June 1, 1976, a hearing was held, at which Plaintiff appeared pro se, to determine Plaintiff's eligibility for benefits. Plaintiff, who speaks only Spanish, was the sole witness at the hearing and testified with the assistance of an interpreter. On June 7, 1976, the Administrative Law Judge (ALJ) issued a decision finding that Plaintiff was not disabled and denying him disability benefits. The Appeals Council affirmed the ALJ's decision on July 28, 1976.

Plaintiff filed suit in United States District Court, Southern District of New York, to challenge the ALJ's denial of benefits. In an opinion dated May 8, 1978, this Court remanded the case for a de novo hearing to determine whether plaintiff was entitled to benefits under the Social Security Act. *Reyes v. Mathews*, No. 76–3725, slip op. (S.D.N.Y.1978). The Court held that because Plaintiff was not represented by counsel and could not speak English, the ALJ had a duty to make a searching investigation of the record, and had failed to do so. In addition, the Court faulted the ALJ for relying on his own lay observations of the Plaintiff and for refusing to credit Plaintiff's testimony of severe pain, despite the fact that all three medical reports indicated that Plaintiff experienced pain. The Court also faulted the ALJ's failure to inquire into discrepancies in the medical report that he relied on to support his conclusion that Plaintiff was not disabled.

On remand, a de novo hearing was held on January 28, 1980 before the ALJ. On February 1, 1980, the ALJ again ruled that Plaintiff was not disabled. On appeal, the Appeals Council rendered a decision on July 16, 1980, determining that additional evidence was required before a final decision could be rendered, and remanded the case back to the ALJ. The Appeals Council directed the ALJ to obtain a consultative examination by a Board-certified orthopedist or neurosurgeon; a physical capacities evaluation; and a psychiatric consultative

examination, including psychological testing. The Appeals Council also instructed the ALJ to make specific findings as to the credibility of Plaintiff's complaints of pain and the effect of such pain on his ability to function.

The ALJ held another hearing on February 4, 1981, and again ruled against Plaintiff on March 23, 1981. The Appeals Council affirmed the ALJ's denial of benefits on May 21, 1981.

Plaintiff again brought suit in this Court to review the Secretary's final determination pursuant to § 205(g) of the Social Security Act, as amended 42 U.S.C. § 405(g). On June 24, 1983, Plaintiff moved pursuant to Rule 12(c) of the Federal Rules of Civil Procedure for reversal of the Secretary's decision denying Plaintiff benefits. Defendant cross-moved on August 5, 1983, for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. On November 1, 1983, the Court referred the case to Magistrate Washington for a Report and Recommendation on the pending Rule 12(c) motions. On November 20, 1984, Magistrate Washington submitted a Report and Recommendation to the Court recommending that the Secretary's decision be reversed. *Reyes v. Heckler,* 76–3725, Report and Recommendation (S.D.N.Y. November 29, 1984) (Magistrate Ruth V. Washington) (Report). The Court adopted the Magistrate's Report and reversed the Secretary's decision by order dated September 25, 1985 on the grounds that the Secretary's denial of benefits was not supported by substantial evidence.

The procedural history of this case subsequent to the Court's September 25, 1985, decision is less clear. Plaintiff's counsel claims to have filed a motion, signed October 17, 1985, to recover attorney's fees under the Equal Access to Justice Act, within 30 days after the Court's final order reversing the Secretary's denial of benefits. The docket sheet does not reflect that this motion was ever filed. The Government admits to having received this motion, and filed a Memorandum of Law in Opposition to Plaintiff's Motion for Attorney's Fees on November 25, 1985. Apparently due to a mistake in the Clerk's office, neither the motion nor any legal memoranda relating to the motion were ever received in Chambers.

Plaintiff filed the present motion for an order reopening the case and awarding attorneys fees under the SSA and the EAJA on August 23, 1991. Pursuant to stipulation by counsel, the return date for the motion was adjourned to November 22, 1991. The parties appeared before the Court on January 3, 1992, for oral argument on the motion.

## II. COUNSEL'S APPLICATION FOR FEES UNDER THE SSA

Plaintiff's original motion filed in 1985 did not request attorney's fees under the SSA, 42 U.S.C. 406(b). According to Plaintiff's counsel, the request for SSA fees was not included in the original motion because time spent on an EAJA petition is compensable under 42 U.S.C. 406(b), and because Plaintiff's counsel intended to brief the Court on the relationship between the EAJA award and an SSA award to determine the hourly rate counsel would actually receive after refunding the lesser of the two fees to his client. Counsel for Plaintiff states that the present motion includes a request for SSA fees because the Social Security Administration advised him by letter dated August 2, 1991, that it would no longer withhold these funds unless he filed a fee petition under 42 U.S.C. 406(b).

█ The Social Security Administration has certified that it is withholding from Plaintiff's past due benefits a sum of $14,-711.17 in counsel fees. This amount represents 25% of Plaintiff's past due benefits, the percentage agreed upon in the contingency fee agreement entered into between Plaintiff and his counsel. Plaintiff's counsel requests that the Court approve payment to counsel of the entire amount withheld.

Under 42 U.S.C. § 406(b), the court may determine the amount of a "reasonable fee for ... representation", provided that the amount does not exceed twenty-five percent of the claimant's past due benefits. 42 U.S.C. § 406(b)(1). The test for a dis-

trict court reviewing a fee request is essentially one of reasonableness. *Wells v. Bowen*, 855 F.2d 37 (2d Cir.1987). In fixing a reasonable rate of attorney's fees, courts are generally required to adopt the prevailing market rates in the relevant community. *See, e.g., Blum v. Stenson*, 465 U.S. 886, 892–96, 104 S.Ct. 1541, 1545–48, 79 L.Ed.2d 891 (1984). The court must determine the applicable prevailing market rate taking into consideration such factors as the novelty of a case and the skill of the attorney. *Wells*, 855 F.2d at 43. In determining a reasonable fee, the court must also take into account the risks of nonpayment and delay in payment in light of the rate of success in similar cases. *Id.* at 44–46.

■■■ Where the requested fee is based on a contingency agreement and does not exceed 25% of the past due benefits, the fee arrangement should be enforced unless the court finds the agreement to be unreasonable. *Wells v. Sullivan*, 907 F.2d 367, 370 (2d Cir.1990). The best indicator of the reasonableness of a contingency fee agreement is the contingency percentage that is actually negotiated between the plaintiff and his attorney. *Id.* The court must also consider whether there has been fraud or overreaching in making the agreement and whether the amount requested is so large as to constitute a windfall to the attorney. *Id.*

The Court finds that the contingency fee agreement in this case was reasonable. Contingency fee agreements in cases seeking disability benefits often provide for payment of 25% of past due benefits. There is no indication that counsel for Plaintiff engaged in any fraud or overreaching in making the agreement. Nor is the amount of the fee requested so large as to constitute a windfall to the attorney. Counsel submitted time records documenting 80¾ hours compensable time spent on this case. Payment of the amount due under the contingency agreement would result in an hourly rate of $182.18. Similar hourly rates have been upheld as reasonable in such cases. *See, e.g., Mara v. Sullivan*, 734 F.Supp. 642 (S.D.N.Y.1990) (find-

ing a $200 per hour fee reasonable under the SSA). Moreover, as counsel for Plaintiff points out, at the time this case was litigated, courts frequently affirmed decisions by the Secretary denying disability benefits, and the risk of nonpayment in such a case was significant. The Court finds that $14,711.17 is a reasonable fee in this case and authorizes payment to counsel of the past due benefits withheld by the Social Security Administration.

### III. PLAINTIFF'S REQUEST FOR FEES UNDER THE EAJA

■■■ Unlike an award of attorneys fees under the SSA, which is paid by the litigant to the attorney from past-due benefits, an EAJA award is paid by the Government and accrues to the litigant to defray the cost of legal services. *Wells v. Bowen*, 855 F.2d 37, 41 (2d Cir.1988). EAJA awards are intended to augment, not supplant, an award of fees under the SSA. *Id.* at 42. Dual applications for fees under the EAJA and the SSA are permitted where the attorney remits the lesser of the two awards to the client. *Id.* An EAJA award in this case would operate to offset the withholding of Plaintiff's past due benefits for payment of counsel fees under the SSA. *Wells*, 855 F.2d 37. The purpose of the EAJA is to reduce the economic imbalance between an individual claimant and the United States Government in order to reduce the likelihood that challenges to unreasonable bureaucratic actions will be deterred by the high cost of litigating against the Government. *Environmental Defense Fund, Inc. v. Watt*, 722 F.2d 1081, 1086 (2d Cir.1983).

■■■ A petitioner may obtain an award under the EAJA by filing a petition for fees within thirty days of the court's final judgment where the petitioner prevailed in an action against the Government and the position taken by the Government in the litigation was not substantially justified. *McGill v. Secretary of Health and Human Servs.*, 712 F.2d 28, 30 (2d Cir.1983), *cert. denied*, 465 U.S. 1068, 104 S.Ct. 1420, 79 L.Ed.2d 745 (1984); *Ocasio v. Schweiker*, 540 F.Supp. 1320, 1323 (S.D.N.Y.1982). Al-

though costs incurred during Social Security Administrative proceedings are excluded from EAJA coverage, legal services relating to actions seeking judicial review of administrative rulings are compensated under the EAJA. *McGill*, 712 F.2d at 30.

The Government opposes the petition for EAJA fees on the ground that its position was substantially justified. For the Government's position to be substantially justified under the EAJA, it must be " 'justified in substance or in the main'— that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490, 504–505 (1988). This standard essentially requires the Government to have had a reasonable basis both in law and in fact for opposing the plaintiff's action. *Id.* In assessing the reasonableness of the Government's position, a district court should inquire into both the underlying agency determination and the Government's litigation strategy in defense of that determination. *Smith v. Bowen*, 867 F.2d 731, 734 (2d Cir.1989). The fact that a plaintiff ultimately prevails in the action does not, in itself, prevent the court from finding that the Government's position was nevertheless substantially justified. *Hills v. Secretary of Health and Human Servs.*, 726 F.Supp. 434, 435 (E.D.N.Y.1989); *Correa v. Heckler*, 587 F.Supp. 1216, 1222 (S.D.N.Y.1984). However, the Government has the burden of proof on the substantial justification issue and a "strong showing" is required to satisfy this burden. *Environmental Defense Fund, Inc. v. Watt*, 722 F.2d 1081, 1085 (2d Cir.1983).

A review of the record in this case indicates that Plaintiff was entitled to social security benefits. In an application for disability benefits, the claimant bears the initial burden of proving that a disability exists. 42 U.S.C. § 423(d)(5) (1976); *Dumas v. Schweiker*, 712 F.2d 1545, 1550 (2d Cir.1983). This burden is met once the claimant proves that his impairment prevents him from returning to his previous work. *Glover v. Heckler*, 588 F.Supp. 956 (S.D.N.Y.1984). The burden then shifts to the Secretary to show the existence of alternative substantial gainful work which exists in the national economy, and which the claimant could perform, considering not only his physical capacity, but also his age, education, experience and training. *Parker v. Harris*, 626 F.2d 225, 231 (2d Cir. 1980). To meet this burden, the Secretary must show that: (1) the claimant's impairment still permits certain types of activity necessary for other occupations and the claimant's experience is transferable to other work; and (2) specific types of jobs exist in the national economy which are suitable for a claimant with these capabilities and skills. *Decker v. Harris*, 647 F.2d 291, 294 (2d Cir.1981). In this case, the Magistrate's Report, which this Court adopted, found that the Secretary failed to satisfy both aspects of this burden.

The ALJ had specifically found that the claimant's condition prevented him from returning to his past work as a spot welder. Consequently, the burden shifted to the Secretary to show that Plaintiff could perform alternative substantial gainful employment. The ALJ ruled that the claimant was not disabled because his residual functional capacity did not prevent him from engaging in substantial gainful activity of a light work nature. This Court found that the ALJ's conclusion was not supported by substantial evidence in the medical record.

Of the four doctors who assessed Plaintiff's residual functional capacity, only one doctor found that Plaintiff had the functional capacity to perform light work. In relying on the report of this one doctor, the ALJ ignored indicia of confusion in the doctor's report and overlooked the doctor's indication that certain examinations were not performed due to Plaintiff's alleged pain. Report at 16. Furthermore, the ALJ discounted the weight of one doctor's report that found Plaintiff incapable of performing light work because that doctor had examined the claimant only once, and yet the ALJ relied entirely on the above-mentioned doctor's report despite the fact that this doctor had also seen Plaintiff only once. Report at 16–17. The only doctor to

have examined Plaintiff three times during the period of June of 1978 to January of 1980 concluded that Plaintiff was totally disabled. Report at 15. Two other doctors diagnosed Plaintiff as having severe functional limitations and found Plaintiff incapable of performing light work. *Id.* Considering the weight and quality of the medical evidence as a whole, a reasonable person could not conclude based on the evidence in the record that Plaintiff had the residual functional capacity to perform light work.

As to the second part of the Secretary's burden, to show that the claimant was suited to perform alternative jobs in the national economy, the Magistrate again found that the ALJ's findings were not supported by substantial evidence. The ALJ found that Plaintiff's subjective pain was not credible and concluded that alternative jobs existed in the national economy which were suitable for this claimant's residual functional capacity. However, as the Magistrate noted, all of the numerous doctors to perform neurological and psychiatric examinations of Plaintiff concluded that Plaintiff suffered pain due to his back injury. Report at 20. In rejecting Plaintiff's allegations of pain, the ALJ relied too heavily on his lay observations of Plaintiff at the hearing. Report at 20–21. Moreover, the Magistrate noted that the ALJ erred in considering the transferability of claimant's work skills without considering Plaintiff's additional nonexertional limitations, such as his inability to communicate in English, his age, his limited education and his lack of employment skills. Report at 22–25.

The Court finds that the Secretary has failed to make a strong showing of a reasonable basis in fact that would justify the Government's position. The medical evidence relied on by the Government to support the ALJ's denial of benefits does not rise to the level of reliable evidence that would convince a reasonable person that Plaintiff was not disabled under the relevant legal standards. In support of its argument that it had a reasonable basis in fact for the denial of benefits, the Government cites the opinions of three doctors.

*Reyes v. Hackler,* 76–3725, *Defendant's Memorandum of Law in Opposition to Plaintiff's Motion for Attorney's Fees* at 6–7 (November 25, 1985).

The Government first cites Dr. Elpern's opinion finding no evidence of any muscle atrophy or reflex deficits in Plaintiff, and no disorder of Plaintiff's nervous system. However, Dr. Elpern did state that he witnessed intense spasms upon attempted movement suggesting a considerable functional disorder. Report at 7. Second, the Government cites the report of Dr. Rangaiah, the only doctor to conclude that Plaintiff could perform light work, as discussed above. However, as the Magistrate points out, Dr. Rangaiah acknowledged that Plaintiff had a functional disorder, and Dr. Rangaiah's report is less credible than the reports of the three other doctors who concluded that Plaintiff's residual functional capacity did not enable him to perform light work for the reasons discussed above. Report at 16–17. Finally, the Government cites the opinion of Dr. Bralove, who conducted a psychiatric interview of the claimant, but did not examine his medical report or perform any psychiatric tests of his own. Report at 9–10. Dr. Bralove found no signs of depression or psychotic behavior. However, Dr. Bralove did diagnose claimant as having psychological factors affecting his condition and indicated that Plaintiff experienced pain due to the injury to his back. Report at 10, 20.

Numerous other doctors, retained by both Plaintiff and the Government, and the vast majority of the medical evidence as a whole, substantiated Plaintiff's claims, as Magistrate Washington documented in her Report. Report at 6–10, 14–17, 18–20. The claimant testified to a significant degree of pain, and the evidence clearly established that he had orthopedic impairments and a psychogenic disorder. None of the doctors' examinations diagnosed Plaintiff as able to perform the full range of functional sedentary work. Given Plaintiff's age, mental problems, inability to communicate in English, lack of skills, poor education, and functional disorder, it was clear that he was not capable of performing alternative

employment. In reaching the opposite conclusion, the ALJ did not rely on substantial evidence, but relied instead on confusing and vague evidence and his own lay observations of the claimant. The Government's reliance on the selective and inconsistent statements of the three doctors mentioned above does not constitute a strong showing of a reasonable basis for its position.

 Plaintiff requests an award of EAJA counsel fees in the amount of $6,074.61. The Government contends that this amount is excessive. The EAJA provides for an award of costs and a reasonable attorney fee calculated at the rate of $75.00 per hour, absent special circumstances justifying a higher rate. The $6,074.61 amount requested reflects the $75 hourly rate as applied to counsel's eighty and three-quarter hours spent on this action, plus $18.30 in costs. Plaintiff's counsel has submitted an affidavit of services and attachments documenting time spent on the action and costs incurred. The Court finds that the amount of time spent on this case, although higher than average, is not excessive in light of the fact that this case involved two sets of proceedings before the Court and in light of Plaintiff's counsel's relative lack of experience in handling such cases at the time this case was brought.

The Clerk of the Court is hereby directed to enter an order reopening the case for the purpose of awarding attorneys fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) and the Social Security Act, 42 U.S.C. § 406(b)(1). The Clerk is directed to enter an award of attorney's fees pursuant to the EAJA, 28 U.S.C. § 2412(d), in the amount of $6,074.61. Plaintiff's counsel shall immediately remit the entire amount of the EAJA funds received directly to Plaintiff. The Clerk is further directed to enter an award of attorney's fees from past due benefits pursuant to 42 U.S.C. § 406(b)(1) in the amount of $14,711.17.