980 F.2d 138
 60 Empl. Prac. Dec. P 41,905, 24 Fed.R.Serv.3d 480
 Bernice ORTIZ, Plaintiff-Appellant,
v.
Edward V. REGAN, as Controller of the State of NY, and as
Trustee of the NYS & Local Retirement Systems; Gregory O.
Childs, personally and as Director of Retirement Benefits of
the NYS & Local Retirement Systems; Jane A. O'Connor,
personally and as Assistant Director of the Retirement
Benefits Bureau of the NYS & Local Retirement Systems,
Defendants-Appellees.
 No. 202, Docket 92-7448.
 United States Court of Appeals,
Second Circuit.
 Argued Oct. 1, 1992.
Decided Nov. 23, 1992.
 
 Allan L. Gropper, New York City (James M. Wicks, White & Case, Jonathan A. Weiss, Legal Services for the Elderly, of counsel), for plaintiff-appellant.
 Clement J. Colucci, New York City (Robert Abrams, Atty. Gen. of State of N.Y., Ronald Turbin, Asst. Atty. Gen., of counsel), for defendants-appellees.
 Before MESKILL, Chief Judge, OAKES and CARDAMONE, Circuit Judges.
 OAKES, Circuit Judge:
 
 
 1
 Plaintiff-appellant Bernice Ortiz appeals from a judgment of the United States District Court for the Southern District of New York, Michael B. Mukasey, Judge, granting Ortiz a reduced award of attorney's fees under the Civil Rights Attorney's Fees Act, 42 U.S.C. § 1988 (1988). The district court awarded limited attorney's fees for legal work that was done prior to April 1990 but refused to allow Ortiz to recover for work that had been done after April 1990. For the reasons set forth below, we hold that Ortiz is entitled to attorney's fees for post-April 1990 work and that, on remand, the district court must determine the appropriate level of those fees.
 
 
 2
 In order to explain our reasoning, we begin by briefly reviewing the underlying facts of Ortiz's civil rights case.
 
 BACKGROUND
 
 3
 Ortiz's attorney's fee claim arises from her successful litigation of a 42 U.S.C. § 1983 (1988) action involving her right to pension fund benefits. In that case, Ortiz, a retired state employee, protested the suspension of her advance pension benefits[1] that resulted from a dispute as to her date of birth. Defendants New York State and Local Retirement Systems and Edward V. Regan ("Regan") cut off Ortiz's advance pension payments in September of 1989, without notice or explanation, and did not renew retirement payments until mid-February of 1990. The new payments were based on the more recent of the birth dates at issue.
 
 
 4
 Ortiz brought suit in federal district court on March 9, 1990 claiming that Regan's actions had deprived her of property without due process of law. In April 1990, Regan notified Ortiz of her right to a hearing under § 74(d) of New York State's Retirement and Social Security Law in order to revisit the question of her birth date. Section 74(d) allows pension applicants to receive a de novo determination of final pension benefits from the comptroller of the New York State Employees' Retirement System.[2] Ortiz did not request a § 74(d) hearing to protest the birth date determination but proceeded with her due process suit.
 
 
 5
 The district court issued three opinions addressing different aspects of Ortiz's action. First, the court denied Regan's motion to dismiss, finding that Ortiz had stated a claim for deprivation of property without due process of law. Ortiz v. Regan, 749 F.Supp. 1254 (S.D.N.Y.1990). The court reasoned that the availability of a § 74(d) hearing was "irrelevant" because it did not satisfy her pre-deprivation due process rights. Id. at 1261.
 
 
 6
 In its second opinion, addressing Ortiz's summary judgment motion, the district court found that Ortiz's procedural due process rights had been violated because " 'she got virtually no process, and the process she did get was ... a run-around.' " Ortiz v. Regan, 769 F.Supp. 570, 573 (S.D.N.Y.1991) (quoting Ortiz, 749 F.Supp. at 1260). The court ordered payment of nominal damages of $1, instructed the defendants to hold a hearing to determine Ortiz's proper birth date, and awarded attorney's fees. The district court's third opinion, which is at issue in this appeal, addressed the amount of attorney's fees to which Ortiz was entitled. Ortiz v. Regan, 777 F.Supp. 1185 (S.D.N.Y.1991). Ortiz sought an award of $57,378.75 for 252.45 hours of work done by four attorneys. The court did not award the fees requested by Ortiz. Instead, the court awarded $4,750 and determined that Regan should not "be made to pay for fees incurred after defendants offered plaintiff what she could reasonably have expected to get if she prevailed in the litigation," Ortiz, 777 F.Supp. at 1187, namely, a hearing. Thus, the court provided no compensation for work that was done after Regan made the § 74(d) offer, even though the court had made clear in its two prior opinions that the § 74(d) hearing was insufficient to meet Ortiz's pre-deprivation due process rights. In addition, the district court reduced the hourly fee rates requested by the plaintiff's attorneys and limited the number of hours for which reimbursement would be available for the work they did before Regan's § 74(d) offer.
 
 DISCUSSION
 
 7
 The Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988, was designed to allow private individuals a meaningful opportunity to vindicate civil rights violations. As stated in the legislative record, "[i]f private citizens are to be able to assert their civil rights, and if those who violate the Nation's fundamental laws are not to proceed with impunity, then citizens must have the opportunity to recover what it costs them to vindicate these rights in court." S.Rep. No. 1011, 94th Cong., 2d Sess. 2 (1976), reprinted in 1976 U.S.C.C.A.N. 5908, 5910.
 
 
 8
 In keeping with the legislative purpose of 42 U.S.C. § 1988, Ortiz is entitled to attorney's fees for the work that was done on her civil rights case after Regan's offer to hold a § 74(d) hearing. Ortiz's litigation efforts vindicated her pre-deprivation due process rights even though a post-deprivation remedy was available. If attorney's fees are not provided in situations such as this one, there would be no incentive for private citizens to challenge pre-deprivation due process violations where a post-deprivation remedy exists.
 
 
 9
 In denying post-April 1990 attorney's fees, the district court found that an offer made by the defendants to hold a post-deprivation hearing under § 74(d) of the New York State Retirement & Social Security Law was "all the relief she clearly deserved and all the relief she has since been granted." Ortiz, 777 F.Supp. at 1189. The record and first two opinions by the district court make clear, however, that more was involved in this litigation than the post-deprivation hearing originally offered by Regan and subsequently required by the court. For example, the district court in its first opinion stated that it "is irrelevant whether the hearing allegedly available under § 74(d) to contest the incorrect final calculation of benefits satisfied the requirement of due process." Ortiz, 749 F.Supp. at 1261. The court correctly reasoned that "this argument does not address the plaintiff's contention that the cutoff of advanced retirement benefits in September 1989 without any prior notice or hearing violated her rights to procedural due process." Id.
 
 
 10
 That more was at stake here than the post-deprivation hearing offered by Regan is further supported by the district court's decision to award nominal damages. In awarding nominal damages, the district court acknowledged that a nonpecuniary constitutional right was being vindicated. The district court determined that Ortiz would "receive nominal damages of one dollar for the deprivation of her right to procedural due process...." Ortiz, 769 F.Supp. at 575. The award of nominal damages is sufficient to support the provision of attorney's fees under § 1988. Fassett v. Haeckel, 936 F.2d 118, 122 (2d Cir.1991) (per curiam ); see also S.Rep. No. 1011, supra, at 6, reprinted in 1976 U.S.C.C.A.N. at 5913.
 
 
 11
 A second problem with the district court's decision not to allow attorney's fees for post-April 1990 work is the court's reliance on negotiations between the parties concerning the availability of a § 74(d) hearing. A district court should not rely on informal negotiations and hindsight to determine whether further litigation was warranted and, accordingly, whether attorney's fees should be awarded. Otherwise, plaintiffs with meritorious claims may be improperly dissuaded from pressing forward with their litigation. As Judge Winter[3] stated in Cowan v. Prudential Ins. Co. of Am., "[a] rule giving trial judges discretion to deny such fees where the refusal of an offer is shown after the fact to have been unwise might well lead to very uneven results and even misuse in cases in which judges become involved in settlement negotiations." 728 F.Supp. 87, 92 (D.Conn.1990), rev'd on other grounds, 935 F.2d 522 (2d Cir.1991).
 
 
 12
 The availability of Rule 68 of the Federal Rules of Civil Procedure gives additional weight to this point. Rule 68 permits a party defending against a claim to make a settlement offer and thereby avoid any liability for costs, including attorney's fees, incurred after the making of the offer.[4] See Marek v. Chesny, 473 U.S. 1, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985). Regan could have made a formal offer of judgment pursuant to Rule 68 but chose not to use this procedure. Absent a showing of bad faith, "a party's declining settlement offers should [not] operate to reduce an otherwise appropriate fee award." Cowan, 728 F.Supp. at 92.
 
 
 13
 While we reverse the district court's decision not to give fees for post-April 1990 work, we affirm its decisions to reduce the number of reimbursable hours for pre-April 1990 work and to limit the hourly wage that could be charged. A district court is in the best position to determine the amount of work that was necessary to achieve the results in a particular case and, therefore, is entitled to ample discretion in its decision. See Hensley v. Eckerhart, 461 U.S. 424, 437, 103 S.Ct. 1933, 1941, 76 L.Ed.2d 40 (1983); New York State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1146 (2d Cir.1983). Nothing here indicates that the district court abused this discretion.
 
 
 14
 Accordingly, the judgment of the District Court is reversed in part and affirmed in part, and the matter remanded to the district court for further proceedings consistent with this opinion.
 
 
 
 [1]
 The New York State and Local Retirement Systems pays new retirees a monthly advance payment until it has completed its final calculation of the proper retirement allowance
 
 
 [2]
 Section 74(d) provides in pertinent part:
 At any time within four months after the mailing of such notice, the applicant or his counsel may serve a written demand upon the comptroller for a hearing and redetermination of such application. After the service of such demand, the comptroller shall hold a hearing upon such application at which the applicant may be represented by counsel. The comptroller shall have the same powers upon such hearing as upon the original application. After such hearing the comptroller shall make his final determination.
 N.Y.Retire. and Soc.Sec.Law § 74(d) (McKinney 1987).
 
 
 [3]
 The Hon. Ralph K. Winter, United States Circuit Judge for the Court of Appeals for the Second Circuit, sitting by designation
 
 
 [4]
 Rule 68 provides in pertinent part:
 At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the offer, with costs then accrued.... If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer.
 Fed.R.Civ.P. 68.