**Dhoruba Bin WAHAD, Plaintiff,**

v.

**Thomas COUGHLIN, Charles Scully, E.W. Jones, Melvin Hollins, Robert Kuhlmann, and R. Johnson, Defendants.**

No. 86 Civ. 4112 (CBM).

United States District Court, S.D. New York.

Dec. 1, 1994.

See also 853 F.Supp. 680.

Robert J. Boyle, Brooklyn, NY, for Dhoruba Bin Wahad.

Elaine Stogel, Robert Abrams, Atty. Gen., Michael S. Popkin, G. Oliver Koppell, Atty. Gen., New York City, for defendants.

## MEMORANDUM OPINION

MOTLEY, District Judge.

### PLAINTIFF'S MOTION FOR ATTORNEY'S FEES

On May 19, 1994, plaintiff filed a motion for reconsideration of this court's May 9, 1994 oral order denying his motion for issue-related sanctions and attorneys' fees arising out of the defendant's failure to comply with discovery requests and orders pursuant to Rules 26 and 37, F.R.C.P. In a memorandum decision dated June 16, 1994, this court granted plaintiff's motion to the extent of awarding attorney's fees for work performed on the November, 1993 motion for sanctions, time spent reviewing documents produced at summation, and work performed on the motion for reconsideration. On July 5, 1994, plaintiff's attorneys submitted their application for fees. Plaintiff has moved that this court grant $18,830.00 for Elizabeth Fink, $14,760.00 for Robert Boyle, and $3,679.50 for Suzanne Shende. Defendants now argue that plaintiff's fees be reduced, alleging that counsel's hourly rates are excessive, the hours expended were unreasonable, and that the time records are insufficient.

The sole issue before this court is the determination of a reasonable amount of at-

torneys' fees to be awarded to plaintiff in this action. The court presumes familiarity with the earlier proceedings in this case. Although defendants have raised objections to the amount of fees, the Supreme Court has admonished, "[a] request for attorneys' fees should not result in a second major litigation." *Hensley v. Eckerhart,* 461 U.S. 424, 437, 103 S.Ct. 1933, 1941, 76 L.Ed.2d 40 (1983). In considering a reasonable hourly rate for counsel, the courts usually consider the prevailing market rates of the relevant legal community. *Blum v. Stensen,* 465 U.S. 886, 895 n. 11, 104 S.Ct. 1541, 1547 n. 11, 79 L.Ed.2d 891 (1984) (holding attorneys must demonstrate their fees are "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.)"; *Reyes v. Secretary of Health & Human Servs.,* 807 F.Supp. 293, 297 (S.D.N.Y.1992) (Motley, J.). In this Circuit, it is well established that this community is the judicial district in which the trial court sits. *In re "Agent Orange" Prod. Liab. Litig.,* 818 F.2d 226, 232 (2d. Cir.1987). See also *Shlomchik v. Richmond 103 Equities Co.,* 763 F.Supp. 732, 743–33 (S.D.N.Y.1991) (Newman, J.) (awarding suburban Philadelphia attorney a higher New York City rate as action was litigated in Southern District).

■ Using these standards, the hourly billing rates of Elizabeth Fink of $350, Robert Boyle of $300, and Suzanne Shende of $150 are reasonable. Fink is a well established civil rights litigator of twenty years with a wealth of experience. Boyle, who has also specialized in civil rights litigation as well as criminal defense, has practiced for thirteen years. Shende has three years of experience in civil rights litigation as her relevant background. Pursuant to the holding of *Miele v. New York State Teamsters Conference Pension & Retirement Fund,* 831 F.2d 407, 408–09 (2d Cir.1987), courts may apply prevailing market rates for "Wall Street" associates to fee awards for nonprofit organizations. See also *Ossie Davis v. City of New Rochelle,* 156 F.R.D. 549, 557 (S.D.N.Y.1994) (Sweet, J.). The recent decisions in this district demonstrate that plaintiff's attorneys hourly rates are reasonable in light of prevailing market rates in the South-

ern District. *See, e.g., Monaghan v. SZS Associates,* 154 F.R.D. 78 (S.D.N.Y.1994) (awarding partners $300 per hour and associates $180 per hour for work performed in 1992 and 1993); *In re McDonnell Douglas Equipment Securities Litigation,* 842 F.Supp. 733 (S.D.N.Y.1994) (Cannella, J.) (approving a range up to $425 per hour for partners); *Loper v. New York City Police Department,* 853 F.Supp. 716 (S.D.N.Y.1994) (Sweet, J.) (awarding an attorney with 7 years experience $250 per hour); *McGuire v. Wilson,* 1994 WL 68222 (S.D.N.Y. February 28, 1994) (Sweet, J.) (awarding an hourly billing rate of $105–$150 for an associate). From these cases it appears that the billing rates of Fink, Boyle, Shende are reasonable and cannot be deemed excessive as defendants have alleged.

■ In addition, the court rejects defendants' allegations that the billing entries are not specific enough and that the hours charged are excessive. Specifically, defendants challenge plaintiff's efforts to obtain fees for conferences between the plaintiff's attorneys. However, contrary to defendants' naked assertions many courts in this Circuit have permitted fee recoveries for such conferences. *McGuire v. Wilson,* 1994 WL 68222 (S.D.N.Y. February 28, 1994); *Ortiz v. Regan,* 777 F.Supp. 1185, 1189 (S.D.N.Y. 1991) (Mukasey, J.), *Aff'd in part and rev'd in part on other grounds,* 980 F.2d 138 (2d Cir.1992); *Baratta v. S.D. Cohn & Co.,* 656 F.Supp. 1, 5–6 (S.D.N.Y.1985) (Griesa, J.). Further, this court holds that plaintiff's attorneys billing entries are sufficiently specific. All three attorneys list the date, the attorney, a concise description of the work product, and the amount of time expended. Therefore, the records do pass the scrutiny required by this Circuit. The "burden is on counsel to keep and present records from which the Court may determine the nature of the work done, the need for and the amount of time reasonably required; where adequate contemporaneous records have not been kept, the court should not award the full amount requested." *F.H. Krear & Co. v. Nineteen Named Trustees,* 810 F.2d 1250, 1265 (2d Cir.1987) (rejecting time records with one word descriptions for an entire

**508**

day's work); *McGuire v. Wilson,* 1994 WL 68222 (S.D.N.Y. February 28, 1994). Therefore, Fink's, Boyle's, and Shende's records meet this burden.

### CONCLUSION

According to the reasons established above, this court grants plaintiff's motion for attorneys' fees. The court awards the following fees: Elizabeth Fink $18,830.00, Robert Boyle $14,760.00, and Suzanne Shende $3679.50.