Berkshire Bank v. Tedeschi

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of April, two thousand sixteen.

PRESENT:
>  ROSEMARY S. POOLER,
>  BARRINGTON D. PARKER,
>  DEBRA ANN LIVINGSTON,
>    *Circuit Judges.*

---

Berkshire Bank,

>    *Plaintiff-Appellee*,

>  v.                                             15-471

Nancy K. Tedeschi,

>    *Defendant-Appellant*.

---

| | |
|---|---|
| **FOR PLAINTIFF -APPELLEE:** | David Valicenti, Cohen Kinne Valicenti & Cook LLP, Pittsfield, MA |
| **FOR DEFENDANT -APPELLANT:** | Nancy K. Tedeschi, pro se, Daytona Beach, FL. |

Appeal from an order of the United States District Court for the Northern District of New York (Kahn, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Appellant Nancy Tedeschi, proceeding pro se, appeals the district court's order awarding Berkshire Bank attorney's fees and costs. Berkshire Bank sued Tedeschi, alleging that she had breached three promissory notes. In 2013, after the parties filed cross-motions for summary judgment, the district court granted Berkshire Bank summary judgment on two of its claims, dismissed its remaining claim for breach of contract, and ruled that it was entitled to attorney's fees and costs pursuant to the parties' contracts. Two years later, the court awarded Berkshire Bank attorney's fees and costs in the amount of approximately $40,000. On appeal, the parties' briefs address both the 2013 order deciding the summary judgment motions and the 2015 fee award. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

The timely filing of a notice of appeal in a civil case, pursuant to Rule 4 of the Federal Rules of Appellate Procedure, is a jurisdictional requirement. *Bowles v. Russell*, 551 U.S. 205, 214 (2007). Thus, although neither party has challenged our jurisdiction over the 2013 order, "we are obligated to consider the issue *sua sponte*." *Bolmer v. Oliveira*, 594 F.3d 134, 140 (2d Cir. 2010).

The Supreme Court has held that "a decision on the merits is a 'final decision' for purposes of [28 U.S.C.] § 1291 whether or not there remains for adjudication a request for attorney's fees attributable to the case." *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 202-03 (1988); *see*

2

*also Farkas v. Rumore*, 101 F.3d 20, 22 (2d Cir. 1996) (explaining that "where an order disposes of a party's substantive claims, but does not dispose of claims relating to attorney's fees, the time for appeal of the substantive claims starts to run from the date of the first order"). This rule applies regardless of whether "the claim for attorney's fees is based on a statute, a contract, or both." *Ray Haluch Gravel Co. v. Cent. Pension Fund of Int'l Union of Operating Engineers & Participating Employers*, 134 S. Ct. 773, 777 (2014).

Here, the 2013 order resolved the merits of Berkshire Bank's claims against Tedeschi, leaving unresolved only the contractual claim for attorney's fees. Thus, the 2013 order was final and appealable. *Id.* Tedeschi did file, through counsel, a timely notice of appeal from the 2013 order, but that appeal was dismissed due to her default. Because the 2015 notice of appeal was not timely filed from the 2013 order, we lack jurisdiction to consider the district court's ruling on summary judgment. *See* Fed. R. App. P. 4(a)(1); *Bowles*, 551 U.S. at 214; *see also* Fed R. App. 4(a)(7)(ii) (stating that when a separate document is required to accompany a final judgment or order, but no such separate document is filed, the order is considered to be "entered for purposes of . . . Rule 4(a)" 150 days from when the order (rather than the absent document) is filed on the docket).

We review a district court's award of attorney's fees for abuse of discretion. *Cabala v. Crowley*, 736 F.3d 226, 229 (2d Cir. 2013). A district court abuses its discretion if "it bases its ruling on an erroneous view of the law or on a clearly erroneous assessment of the record." *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 757 (2d Cir. 1998). Tedeschi's sole challenge to the fee award on appeal is that it is excessive because Berkshire Bank could have sought relief in a less expensive state court proceeding. She contends that, under New York Civil Practice Law and

3

Rules § 3213, Berkshire Bank could have filed a motion for summary judgment in lieu of a complaint, and avoided the expense of the federal litigation.

However, Tedeschi does not address on appeal the district court's conclusion that, even if Berkshire Bank had sought to proceed under § 3213, the matter would have been converted to a complaint because discovery and extrinsic evidence were necessary to resolve her affirmative defenses. *See, e.g.*, *Marine Repair Services, Inc. v. Harbour Container Repair Co.*, 462 N.Y.S.2d 1016 (2d Dep't 1983) (affirming denial of § 3213 motion due to defendant's affirmative defense and directing that plaintiff could renew summary judgment motion after discovery). The district court did not abuse its discretion by determining that the federal complaint was a reasonable litigation strategy. *See Ortiz v. Regan*, 980 F.2d 138, 141 (2d Cir. 1992) ("A district court is in the best position to determine the amount of work that was necessary to achieve the results in a particular case and, therefore, is entitled to ample discretion in its decision.").

We have considered all of Tedeschi's arguments and find them to be without merit. Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4